UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CRIMINAL ACTION NO. 08-10-GFVT

| | |
|---|---|
| UNITED STATES OF AMERICA, | PLAINTIFF, |
| V. | **MAGISTRATE JUDGE'S REPORT & RECOMMENDATION** |
| DAVID C. THOMAS, | DEFENDANT. |

\*\*\* \*\*\* \*\*\* \*\*\*

The Defendant, David C. Thomas, brings this action pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence [R. 83]. Consistent with local practice, the matter is before the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the Court recommends that Thomas' motion be DENIED.

## I. FACTUAL & PROCEDURAL BACKGROUND

On September 15, 2009, Defendant was sentenced to twenty-four (24) months imprisonment by the United States District Court for the Eastern District of Kentucky after entering a guilty plea to ten (10) counts of mail fraud in violation 18 U.S.C. § 1341. [R. 67]. The Defendant, David C. Thomas, did business as North American Financial Services Inc. ("NAFS"), located in Greenville, South Carolina. [R. 1; R. 61]. Through NAFS, the Defendant held himself out to the public and to mortgage companies to be an authorized representative of Lloyd's of London ("Lloyd's"). [Id.]. Further, Defendant represented that he was authorized to write homeowner's insurance on behalf of Lloyd's. [Id.].

American General Home Equity, Inc., ("American General") and Citifinancial Services, Inc., ("Citifinancial") are mortgage companies with offices in several cities in Eastern Kentucky, including Pikeville, Hazard, Paintsville, Corbin, Ashland, and Richmond. [Id.]. Both mortgage companies made home mortgage loans to persons wishing to finance the purchase of a home. [R. 61]. As a condition of granting a mortgage loan to a homeowner, American General and Citifinancial required the homeowner to obtain homeowner's insurance for the protection of the homeowner, as well as for the protection of American General and Citifinancial. [R. 1; R. 61]. At the time of the closing on each mortgage loan, for the convenience and benefit of the homeowner, American General and Citifinancial would issue a check to an insurance company from the loan proceeds to pay the homeowner's first year's insurance premium. [R. 1.]. After the closing, American General and Citifinancial would mail the check to the insurance company providing coverage for the homeowner. [Id.].

Defendant admitted that he relied on certain predictable practices used by mortgage companies at the time of the mortgage closing. [Id.]. Regarding American General and Citifinancial, the Defendant relied on each of them to: (1) withhold or deduct a limited amount of funds from a homeowner's mortgage loan; (2) pay certain of the homeowner's expenses from the funds withheld; (3) include as certain of the expenses the homeowner's insurance premium for the first year; and (4) issue and transmit by U.S. Mail a check payable to NAFS representing the premium for the first year of homeowner's insurance. [Id.].

Moreover, Defendant admitted that upon receiving a mortgage company's premium check on behalf of the homeowner, he would issue a certificate and/or binder of insurance purporting to show the mortgage company and the homeowner that insurance had been secured by Lloyd's. [Id.].

2

The Defendant knew he was not an authorized representative of Llyod's, he was not authorized by Llyod's to write homeowner's insurance, and the certificate and/or binder of insurance he issued was a bogus document which did not provide the homeowner with insurance secured by Lloyd's. [Id.]. Because the Defendant knew he was not an authorized representative of Lloyd's, he knew the homeowner's insurance premiums he received from homeowners and their mortgage companies were monies and properties he obtained by fraud and deceit and were monies and properties to which he was not otherwise entitled. [Id.].

On September 15, 2009, the Defendant was sentenced to twenty-four (24) months imprisonment by the United States District Court for the Eastern District of Kentucky after entering a guilty plea to ten (10) counts of mail fraud in violation of 18 U.S.C. § 1341. [R. 67]. In his plea agreement, the Defendant waived the right to appeal and the right to attack collaterally the guilty plea and conviction, but did not waive his right to appeal and the right to attack collaterally his sentence. [R. 90].

## II. STATUTE OF LIMITATIONS

A motion filed pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitations. Benitez v. U.S., 521 F.3d 625, 629 (6th Cir. 2008). The one-year limitations period applicable to a § 2255 motion runs from the latest of four triggering events, the first of which is " the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Judgment upon Defendant's plea of guilty was entered by the United States District Court for the Eastern District of Kentucky on September 15, 2009. [R. 67]. The Defendant did not appeal the judgment of conviction. [R. 83; R. 88]. When a prisoner does not take a direct appeal from his conviction, the conviction becomes final when the time for filing a notice of appeal expires. Sanchez-Castellano

3

v. U.S., 358 F.3d 424, 427 (6th Cir. 2004). The Defendant had ten days to file an appeal to the Sixth Circuit Court of Appeals.[1] Fed. R. App. P. 4(b)(1)(A). Because there was no appeal of the judgment of conviction, the Defendant's conviction became final on September 25, 2009. Pursuant to 28 U.S.C. § 2255(f), the one year limitations period began to run on September 26, 2009, and Defendant had until September 27, 2010, to file a habeas corpus motion with this Court.[2]

On October 8, 2009, the Defendant mailed a letter to the United States District Court for the Eastern District of Kentucky, requesting new counsel to pursue his post-conviction relief. [R. 68]. The District Court construed the letter as a motion to appoint counsel for the purpose of pursuing post-conviction relief, and granted the motion on November 13, 2009. [Id.].

From January 21, 2010, through September 1, 2010, the Defendant made no filings on the record concerning any action towards post-conviction relief. On September 2, 2010, the Defendant filed a motion to appoint new counsel and a motion to stay his term of imprisonment.[3] [R. 78]. The Defendant cited minimal communication with his court-appointed counsel as the reason for his motion. [Id.]. The Court ordered Defendant's counsel to respond to the motion, and received

---

[1] In a criminal case, the time for filing a notice of appeal has been amended to allow a defendant fourteen (14) days to file notice after the entry of either the judgment or the order being appealed. Fed.R.App.P. 4(b)(1)(A)(i). However, federal court is to apply the rule of law that is in effect at time that court renders its decision. Wilmer v. Tennessee Eastman Co., a div. of Eastman Kodak, 919 F.2d 1160 (6th Cir. 1990).

[2] See Fed. R. App. P. 26(a)(1)(A) ("exclude the day of the event that triggers the period") and Fed. R. App. P. 26(a)(1)(C) ("include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

[3] The Court denied Defendant's motion to stay his term of imprisonment, stating that Fed. R. Civ. P. 38 has no provision for staying a term of imprisonment when no appeal is made or where a defendant merely wishes to pursue civil litigation in relation to his criminal proceedings. Moreover, the Court stated that it was unaware of any other provision of law that authorizes it to stay a term of incarceration once it has already commenced. [R. 78].

counsel's response on September 30, 2010. [R. 79]. On October 13, 2010, the Court denied Defendant's motion to appoint new counsel, but advised him that nothing prohibits Defendant from pursuing post-conviction relief on his own. [R. 80.]. The Defendant made no further efforts to seek post-conviction relief until March 2011. [R. 81].

On March 1, 2011, the Defendant filed a *pro se* motion, seeking post-conviction relief. [R. 82]. The motion argued ineffective assistance of counsel during plea negotiations and sentencing, and requested reconsideration of sentencing arguments. [Id.]. In response to Defendant's motion, the Court put Defendant on notice that his filing may be construed as a motion for relief under 28 U.S.C.§ 2255. [Id.]. However, based on the fact that the motion did not comply sufficiently with the Rules Governing Section 2255 cases, the Court declined to construe the motion as one for relief under Section 2255. [Id.]. Instead, the Court ordered the Defendant to submit a corrected Section 2255 motion by April 15, 2011. [Id.]. On March 31, 2011, the Defendant filed the current § 2255 motion to vacate, set aside, or correct his sentence. [R. 83].

As previously stated, Defendant's deadline pursuant Section 2255(f)(1), for filing a federal habeas action, ran on September 27, 2010. The current § 2255 motion was filed on March 31, 2011, one hundred and eighty six (186) days after the expiration of the applicable limitations period. [R. 83]. Because the applicable deadline for timely filing his § 2255 motion ran one hundred and eighty six (186) days prior to Defendant's filing, the present motion was not timely under 28 U.S.C. § 2255(f)(1).

### III. EQUITABLE TOLLING

Because the Defendant's motion was not timely under § 2255(f)(1), the Court will address whether he is entitled to equitable tolling. The doctrine of equitable tolling allows courts to toll a

5

statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010) (quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.36 552, 560-561 (6th Cir. 2000)). In Holland v. Florida, 130 S. Ct. 2549, 2560 (U.S. 2010), the Supreme Court held that the statute of limitations for habeas petitions is "subject to equitable tolling in appropriate cases." However, the doctrine of equitable tolling is used sparingly by federal courts. Robertson, 624 F.3d at 784 (internal citation omitted). The party seeking equitable tolling bears the burden of proving he is entitled to it. [Id.]. A habeas petitioner is entitled to equitable tolling only if he can make a two-part showing: (1) he has pursued his rights diligently; and (2) some extraordinary circumstance prevented timely filing. [Id.].

Having clarified the applicable equitable-tolling standard in habeas cases, the Court now considers whether the Defendant is entitled to equitable tolling. The Defendant offers three (3) grounds in support of the statute of limitations being equitably tolled. The first argument asserted by the Defendant is that he was given permission by the Court to file his § 2255 motion. Defendant's second argument is that he lacked knowledge of the filing deadline under § 2255(f)(1). The third argument is that the Defendant has diligently pursued his rights. For the following reasons, the Court finds that the Defendant is unable to establish that he is entitled to equitable tolling.

## A. PERMISSION TO FILE 28 U.S.C. § 2255 MOTION

The first argument asserted by the Defendant is that he was given permission by the Court to file his motion. In both the § 2255 motion [R. 83] and reply to the United States response [R. 90], the Defendant states that he was given permission by the Court to file his § 2255 motion in an order

6

dated October 13, 2010. Further, Defendant believes that the Court's Order on March 8, 2011, directing him to re-file a corrected § 2255 motion by April 15, 2011, affirmed his right to file. [R. 90.]. Based on these two arguments, the Defendant believes that the one-year statute of limitations for filing his § 2255 motion did not begin until the Court entered its Orders on October 13, 2010 [R. 83; R. 90]. Notwithstanding Defendant's assertions, the Courts Orders on October 13, 2010, and March 8, 2011, did not restart the limitation period in which he could file the motion.

28 U.S.C.§ 2255(f) lists the four triggering events that start the one-year period of limitation for filing a motion to vacate, set aside, or correct a prisoner's sentence. The only event that is relevant to the case at hand is the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). As the Court already determined, the one year limitations period began to run on September 26, 2009, and Defendant had until September 27, 2010, to file a habeas corpus motion, *supra*.

The Defendant claims that the one year limitation did not start to run until the Court entered its Order on October 13, 2010. [R. 83]. In that Order, the Court, while denying his motion to appoint new counsel, advised the Defendant that nothing prohibited him from pursuing post-conviction relief on his own. [Id.]. On March 1, 2011, the Defendant filed a *pro se* motion, seeking post-conviction relief. [R. 82]. The Defendant argues that he was well within the one year limitation by filing the *pro se* motion less than 6 months after the Court's Order on October 13, 2010. [R. 83].

After receiving Defendant's *pro se* motion seeking post-conviction relief on March 1, 2011 [R. 81], the Court entered an Order declining to construe the motion as a § 2255 motion. [R. 82]. Citing failure to sufficiently comply with the Rules Governing § 2255 Cases, the Court directed the Defendant to submit a corrected motion by April 15, 2011. [Id.]. More significant to the discussion

7

at hand, the Court indicated that a motion filed under § 2255 must be filed within one year of a case becoming final. [Id.]. On March 31, 2011, the Defendant filed the current § 2255 motion to vacate, set aside, or correct his sentence. [R. 83]. Notwithstanding the fact that the Court declined to construe Defendant's first *pro se* motion as a § 2255 motion, the Defendant asserts that the current motion was filed well within the April 15, 2011 deadline imposed by the Court. [Id.].

Here, the Defendant's argument that the one year limitation didn't start to run until the Court's Order on October 13, 2010 is without merit. The Defendant filed his motion to vacate under 28 U.S.C. § 2255, which includes the four triggering events that start that the one-year period of limitation. The language of § 2255(f)(1) clearly states that the limitation period shall run from the date on which the judgment of conviction becomes final. The Order dated October 13, 2010, did nothing more than provide notice that the filing may be construed as a motion for relief under 28 U.S.C. § 2255, and outline the steps Thomas needed to take to properly file a § 2255 motion. Moreover, the Court specifically stated that it would not construe the *pro se* motion as a § 2255 motion, and explained that filing must occur within one year of a case becoming final. For these reasons, the Defendant's argument that the Court gave him permission to file the § 2255 motion is without merit.

### B. LACK OF KNOWLEDGE OF THE FILING DEADLINE UNDER 28 U.S.C. § 2255(f)(1)

Defendant's second argument is that he lacked knowledge of the filing deadline under § 2255(f)(1). The Defendant states that he has met every deadline imposed by the Court. [R. 83; R. 90]. Moreover, Defendant asserts that he was given permission by the Court to file the § 2255 motion. [Id.]. Even though these arguments have no effect on the statutory tolling of Defendant's claims, the Court will construe the arguments as a lack of constructive knowledge of the filing

8

deadline under 28 U.S.C. § 2255(f)(1).

The Sixth Circuit has addressed the issue of knowledge of the filing deadline. The Sixth Circuit Court of Appeals held that the AEDPA establishes that state and federal prisoners have a one-year limitations period in which to file a habeas corpus petition. Johnson v. United States, 2012 WL 171379 (6th Cir. 2012). In a separate opinion, the Court held that the text of 28 U.S.C. § 2244(d)(6) itself provided a petitioner with notice that the limitations period begins to run at the conclusion of direct review. See Allen v. Bell, 250 Fed.App 713, 715 (6th Cir. 2007).

Here, Defendant's lack of knowledge of the filing deadline does not entitle him to equitable tolling. Defendant's arguments that he has met every deadline imposed by the Court and that he received permission from the Court to file his § 2255 motion do not warrant tolling of the one-year limitation because the arguments are based on his lacked of knowledge of the filing requirement. In U.S. v. Miller, 2010 WL 5067694, at *2 (E.D. Ky. Nov. 17, 2010), the Court found where a Movant lacks actual knowledge of the relevant provisions of AEDPA, the Sixth Circuit has repeatedly held that ignorance of the law alone is not sufficient to warrant equitable tolling. The Court finds no reason under the facts presented by the Defendant to hold otherwise. Because the Defendant's arguments are based on his lack of knowledge of the filing deadline, he is not entitled equitable tolling.

## *C. DILIGENCE*

The third and final argument asserted by the Defendant is that he diligently pursued his right to file the motion. Here, the Defendant allowed long gaps in time to pass between his efforts of seeking post-conviction relief. From January 2010 through June 2010, the Defendant was incarcerated at the Edgefield Bureau of Prisons in South Carolina. [R. 90]. During that time, the

9

only action taken by the Defendant was a motion to delay his self-surrender date. [Id.]. The only explanation offered by the Defendant regarding his inactivity during that time was that the Defendant's son held his power of attorney and contacted counsel many times via phone and email to attempt to begin Defendant's "Motion 2255 process." [Id.].

Finally, in July 2010, the Defendant motioned the Court for new appointment of counsel, citing a "total lack of communication" with counsel as grounds for the motion. [R. 76]. On September 2, 2010, the Court ordered counsel to respond to Defendant's motion within twenty-eight (28) days. [R. 78]. On October 13, 2010, after receiving counsel's sealed response, the Court denied Defendant's motion. [R. 80]. In denying the motion, the Court provided notice to the Defendant that "nothing prohibits Thomas (the Defendant) from pursuing post-conviction relief on his own." [Id.].

It is important to note at this point that the one-year limitations period for Defendant to file a motion under § 2255 had run on September 27, 2010. In relation to the diligence Thomas exhibited during the one year period in which he had time to file the motion, the Court notes that the only efforts made by the Defendant in seeking post-conviction relief were to retain new counsel and delay the self-report date for incarceration. [R. 90]. For a six (6) month period, from January 2010 through June 2010, there were no filings on the record regarding post-conviction relief. The Court is not persuaded by Defendant's argument that he had diligently pursued his rights within the one-year limitation period; on the contrary, the facts establish a pattern of inactivity as opposed to diligence. Although the necessary level of diligence required for equitable tolling purposes is "reasonable diligence, not maximum feasible diligence,"[4] the Court cannot find that the minimal efforts by Defendant reached a reasonable level. Regardless of whether the Defendant pursued post-

---

[4] Holland v. Florida, 130 S. Ct. 2549, 2565 (U.S. 2010).

conviction relief on his own, the one-year limitations period applicable to § 2255 actions had already expired on September 27, 2010, *supra*. For the purpose of demonstrating why the Defendant is not entitled to equitable tolling, the Court will also discuss the continuing actions taken by Defendant.

The Defendant was put on notice that he could pursue post-conviction relief on his own on October 13, 2010. [R. 80]. Supplied with that knowledge, the Defendant filed a *pro se* motion seeking post-conviction relief on March 1, 2011. [R. 81]. The time between the Court's Order and Defendant's *pro se* motion was one-hundred and forty (140) days. Notwithstanding the long delay in filing the motion, the Court provided notice that although Defendant's filing may be construed as a motion for relief under 28 U.S.C. § 2255, it would not construe the motion as such because it did not comply sufficiently with the Rules Governing § 2255. [R. 82]. In its Order, the Court gave the Defendant until April 15, 2011, to submit a corrected § 2255 motion, if he intended his filing to be a § 2255 motion. [Id.]. Finally, on March 31, 2011, the Defendant filed his corrected § 2255 motion that is currently before the Court. [R. 83].

As far as the degree of diligence required for equitable tolling, the U.S. Supreme Court categorized it as "reasonable diligence, not maximum feasible diligence." Holland, 130 S. Ct. at 2565. In this action, Defendant's efforts did not amount to reasonable diligence. Not only did he allow long gaps in time to pass between his efforts of his seeking post-conviction relief, but he waited one-hundred and forty (140) days to file his *pro se* motion after he was given notice that he could pursue post-conviction relief on his own. Accordingly, the Court finds that the principles of equitable tolling are inapplicable under the present circumstances.

## IV. CONCLUSION

For the reasons set forth above, it is recommended that the Defendant's Motion to Vacate,

Set Aside, or Correct Sentence [R. 83] be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed January 25, 2012

Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge